## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| KIARAN YOUNG, | ) | Case No. 1:24-cv-00663 |
| | ) | |
| Petitioner, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| ANTHONY DAVIS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## OPINION AND ORDER

In this action seeking a writ of habeas corpus, the Magistrate Judge issued a Report and Recommendation that the Court dismiss the petition.  (ECF No. 7.)  In the Report and Recommendation, the Magistrate Judge summarized the factual and procedural history of the case.  (*Id.*, PageID #1813–25.)  In short, Petitioner Kiaran Young was convicted of one count of engaging in a pattern of corrupt activity, five counts of aggravated attempted murder, three counts of aggravated robbery, three counts of kidnapping, two counts of discharge of a firearm in a prohibited premises, seven counts of felonious assault, one count of conspiracy, one count of burglary, three counts of robbery as a second-degree felony, three counts of robbery as a third-degree felony, two counts of failure to comply, three counts of receiving stolen property, two counts of grand theft of a motor vehicle, and two counts of having weapons under disability.  (*Id.*, PageID #1818–20.)  He was sentenced to 36 years in prison.  (*Id.*, PageID #1820.)  Petitioner unsuccessfully challenged his conviction on direct appeal and through collateral proceedings in State court before commencing this action.  (*Id.*,

PageID #1820–22.)  Petitioner asserts eight grounds for relief.  (ECF No. 1, PageID #6–17.)

## I. Procedurally Defaulted and Non-Cognizable Claims

The Magistrate Judge determined that ground three challenging the trial court's admission of Facebook record evidence in alleged violation of Petitioner's Sixth and Fourteenth Amendment rights is procedurally defaulted because his attorney failed to raise the issue with the trial court at the time.  (ECF No. 7, PageID #1832–33.)  The Magistrate Judge concluded that Mr. Young "failed to comply with the contemporaneous objection rule, the state appellate court actually enforced the rule, and the rule constitutes an 'independent and adequate' state ground on which the state can foreclose federal review."  (*Id.*, PageID #1832.)  In addition to being procedurally defaulted, the Magistrate Judge determined that ground three is non-cognizable because it raises a potential error in application of State law and that Petitioner "does not explain how the admission of this evidence at his trial was so egregious that it was fundamentally unfair."  (*Id.*, PageID #1834–36.)

Next, the Magistrate Judge concluded that grounds four, six, and eight were also procedurally defaulted.  (*Id.*, PageID #1833.)  In ground four, Petitioner argues that he received ineffective assistance of counsel in violation of his Sixth and Fourteenth Amendment rights because counsel failed to challenge or object to identifications of Petitioner and the Facebook records included in the exhibits.  (ECF No. 7, PageID #9.)  In ground six, Petitioner claims that the trial court's admittance of certain hearsay statements violated his Sixth and Fourteenth Amendment rights.  (*Id.*, PageID #12.)  In ground eight, Petitioner alleges that "the cumulative effect of

multiple errors at trial" violated his Sixth and Fourteenth Amendment rights.  (*Id.*, PageID #14.)  The Magistrate Judge observed that Mr. Young "failed to present these claims to the Supreme Court of Ohio."  (ECF No. 7, PageID #1833.)  Further, the Magistrate Judge determined that ground six was non-cognizable because it raises a potential error in State law and Petitioner did not explain how the admission of the evidence at issue "was so egregious that it was fundamentally unfair."  (*Id.*, PageID #1834–36.)  In addition, the Magistrate Judge recommends that the Court deny ground eight as non-cognizable because "[t]he Sixth Circuit recently reaffirmed the unavailability of cumulative error as a ground for habeas relief," citing to *Moore v. Parker*, 425 F.3d 250, 256 (6th Cir. 2005).  (*Id.*, PageID #1836.)

Then, the Magistrate Judge determined that ground five challenging the admittance of "irrelevant testimony" from a witness "after she indicated she had been intimidated by unknown individuals in the courthouse" was non-cognizable.  (ECF No. 1, PageID #10; ECF No. 7, PageID #1836.)  The Magistrate Judge acknowledged that ground five raises a potential error in State law and Petitioner provided no explanation regarding how the admission of the evidence "was so egregious that it was fundamentally unfair."  (ECF No. 7, PageID #1834–36.)

## II.     Meritless Claims

The Magistrate Judge determined that ground one challenging the sufficiency of the evidence to support Petitioner's convictions in alleged violation of his Fourth Amendment rights lacked merit.  (ECF No. 1, PageID #6; ECF No. 7, PageID #1844.)  The Magistrate Judge concluded that, "[u]nder the 'doubly deferential' standard, the Court cannot say the state court 'was unreasonable in its conclusion that a rational

trier of fact could find [petitioner] guilty beyond a reasonable doubt based on the evidence introduced at trial," citing *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). (*Id.*)

Next, the Magistrate Judge concluded that Petitioner's second ground challenging the trial court's allowance of the in-court identification of Mr. Young by a witness when she had been unable to identify him before in an out-of-court photograph lineup was meritless. (ECF No. 1, PageID #7; ECF No. 7, PageID #1844–50.) The Magistrate Judge reasoned that he could not say, "considering the totality of the circumstances of this case, that there is 'a very substantial likelihood of irreparable misidentification.'" (ECF No. 7, PageID #1850.) Further, the Magistrate Judge reasoned that it was "up to the jury to weigh the strength of [the witness's] testimony," and that defense counsel had attacked the reliability of the in-court identification and "was free to present its arguments to the jury." (*Id.*)

Finally, the Magistrate Judge determined that Petitioner's seventh ground challenging the trial court's refusal to dismiss counsel or allow counsel to withdraw after Mr. Young filed an ethics grievance against him in alleged violation of his Sixth and Fourteenth Amendment rights was meritless. (ECF No. 1, PageID #13; ECF No. 7, PageID #1850–58.) The Magistrate Judge reasoned that, in the three months after the trial court denied Mr. Young's motion, neither he nor trial counsel renewed the issue of representation with the trial court, and "[t]he trial transcripts reveal that Young's counsel presented a strong defense of his client, including challenging the issue of identity." (ECF No. 7, PageID #1858.) The Magistrate Judge therefore

recommends that the Court determine that "the state appellate court's rejection of this claim is not contrary to, or an unreasonable application of, clearly established federal law." (*Id.*)

## III. Objections

The Report and Recommendation advised that any objections were due fourteen days after service and notified Petitioner that failure to timely object may waive the right to appeal the Court's order. (*Id.*, PageID #1858.)  The Report and Recommendation was docketed on May 21, 2025 (ECF No. 7) and mailed to Petitioner the same day.  Nonetheless, Petitioner has failed to object to the Magistrate Judge's Report and Recommendation.  Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

The Sixth Circuit clarified this rule:  failure to object is not a waiver, but a forfeiture.  *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.").  This is so because "[w]aiver is different from forfeiture."  *United States v. Olano*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring)

(noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same."). This difference matters because forfeited issues may, in certain circumstances, nevertheless "be considered on appeal." *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Report and Recommendation has passed. Petitioner neither objected, nor provided some legitimate reason why he failed to do so. Further, upon the Court's independent review of the record, there does not appear to be clear error in the Magistrate Judge's Report and Recommendation.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (ECF No. 7) and **DISMISSES** the action **WITH PREJUDICE**. Further, the Court **DIRECTS** the Clerk to enter judgment accordingly.

**SO ORDERED.**

Dated:  July 17, 2025

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio

6